UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:                                                                                              CASE NO. 12-51633
                                                                                                          CHAPTER 13
STEVEN EDWARD CUPOLO

DEBTOR

## MEMORANDUM OPINION AND ORDER

This matter having come before the Court for confirmation of Debtor's Amended Plan [Doc. 48] (the "Amended Plan"), Traditional Bank's (the "Bank") objections thereto [Docs. 24, 34] and the Bank's Motion for Relief from Stay, the Co-Debtor Stay, and for Abandonment of Property from the Estate [Doc. 45] (the "Motion"), and a hearing having been held on January 10, 2013, and the Court having reviewed the record and being otherwise sufficiently advised, the Court shall grant the Motion and deny confirmation for the following reasons.

Factual and Procedural Background

The facts are not in dispute.

The Debtor filed a chapter 13 voluntary petition on June 19, 2012.

The Bank filed a secured proof of claim on June 20, 2012 in the amount of $214,578.54 which was subsequently amended to $214,565.54 [POC 1-1, 1-2].  The claim includes a promissory note and mortgage dated June 5, 2009 listing the Debtor as borrower, the Bank as lender, with a maturity date of June 5, 2012.  Debtor's non-debtor wife, Tracy M. Cupolo, is a party to the mortgage.  The claim also includes an Agreed Judgment dated March 9, 2011, entered in the Bank's state court foreclosure action, wherein the Debtor and his wife consented to a personal judgment against them jointly and severally, in favor of the Bank, in the amount of $211,242.80.  The Agreed Judgment authorized the Debtor to make monthly payments to the Bank, but did not extend the maturity date of the Note or Mortgage.

1

Debtor's schedules list the Bank's claim in the amount of $210,500.00 secured by a mortgage on his residence, 3420 Westridge Circle, Lexington, Kentucky. The Debtor values his one-half interest in the residence at $117,250.00. Debtor's Schedule J, Current Expenditures of Individual Debtor(s), discloses that his household's monthly net income is $790.89. Schedule J further lists his home mortgage payment of $1,151.90 exclusive of real estate taxes and insurance.

Debtor's original Chapter 13 Plan [Doc. 22], filed on July 16, 2012, proposed the following special provision:

> Traditional Bank loan on the real property 3420 Westridge Circle,
> Lexington, KY 40502
> Deed Book 2809, Page 174 recorded in the Fayette County Clerk's Office
> Owns joint with Tracy Cupulo shall be paid at $1151.90 per month over the next 4 1/2 years. After 4 ½ years the debtor shall refinance or sale the said property

The Bank objected to the plan arguing that it impermissibly modified the Bank's rights in violation of Section 1322(b)(2),(3), and fails to meet the requirements of Section 1325(a). Via its Supplemental Objection, the Bank further contends that Section 1325(a)(5)(B)(iii)(I) prohibits the payment of the Bank's claim in 54 equal monthly payments with a final balloon payment. Thereafter, the Bank filed the Motion seeking stay relief asserting that the Plan is un-confirmable and that the Debtor cannot propose a feasible plan.

In response, the Debtor filed the Amended Plan on January 9, 2013 adding the following "alternate" proposal to the Plan's "Special Provisions":

> In the alternative the debtor will make 1 lump sum payment due by Sept 1 2013 to Traditional Bank for the loan on the real property 3420 Westridge Circle, Lexington, KY 40502 to pay it in full funded by a refinance by the non-filing spouse.

The Debtor explains that the "alternate" treatment of the Bank's claim was proposed to provide an alternative in the event the Court saw merit to the Bank's objection to the original plan.

2

Analysis

The Court has jurisdiction under 28 U.S.C. § 157 and § 1334. Venue is proper under 28 U.S.C. § 1408 and § 1409. This is a core proceeding under 28 U.S.C. § 157(2)(A), (G), and (L).

Section 1325(a)(5)(B)(iii)(I) of the Bankruptcy Code provides:

> (iii) if –
> (I)  property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts;

11 U.S.C. § 1325(a)(5)(B)(iii)(I). The Bank and the Debtor disagree as to whether this provision prevents confirmation of a plan that provides for payment of the Bank's claim in equal monthly payments with a final, later balloon payment. The Bank relies on In re Hamilton, 401 B.R. 539 (1st Cir. BAP 2009), while the Debtor relies on In re Davis, 343 B.R. 326 (Bankr. M.D. Fla. 2006).

In Hamilton, the First Circuit Bankruptcy Appellate Panel discussed how courts have viewed this issue:

> Overwhelmingly, courts have held that by its very terms, a balloon payment is not equal to the payment that preceded it, and thus violates § 1325(a)(5)(B)(iii)(I) with respect to periodic payments on a secured claim under a chapter 13 plan. . . *but see*, In re Davis, 343 B.R. 326 (Bankr. M.D. Fla. 2006). Here the Debtor's plan provides for a balloon payment at or near completion of the plan. By its very terms, the balloon payment is not equal to the preceding payments and therefore it is prohibited by § 1325(b)(5)(B)(iii)(I).

Hamilton, 401 B.R. at 543.

In Davis, the Bankruptcy Court held that the requirement that periodic payments must be in equal monthly payments is inapplicable to debtor's section 1325(b)(5) cure of prepetition default and maintenance of payments on long-term debt on which the last payment was due after final payment under the plan. Davis, 343 B.R. at 328. Debtor argues that because the Bank's claim matured prepetition, the entirety of the claim is arrears; thus the analysis in Davis applies. However, assuming *arguendo* that the Davis analysis is sound, it has no application to this matter where there is no last payment due after final payment under the Amended Plan.

3

Like the majority of courts, this court disagrees with Davis.  As reasoned in Hamilton, section 1325(a)(5) governs the manner in which debtors must provide for payments on secured claims absent the consent of the holder of such claim.  Hamilton, 401 B.R. at 545.

Hamilton does not address the alternative Bank treatment proposed by the Debtor, i.e., payment to the Bank in a lump sum via a refinance by September 1, 2013.  The Debtor relies on In re Luckett, 2007 WL 3125278 (Bankr. E.D. Wis, Oct. 24, 2007) in support of this alternative treatment.  The Luckett court analyzed section 1325(a)(5)(B)(iii)'s requirement that "if" a plan provides for periodic payments, they must be equal monthly payments and concluded that a plan that proposed payment of the allowed secured claim in a lump sum on the plan's effective date was not a proposal to make periodic payments and thus did not violate section 1325(a)(5)(B)(iii).

The effective date of a chapter 13 plan means the date of the order confirming the plan unless the plan itself defines another date.  See generally In re Gibson, 415 B.R. 735 (Bankr. D. Ariz. 2009).  Here, the Amended Plan does not provide an effective date other than the confirmation date, and the Plan cannot be confirmed with a lump sum payment due after the effective date.

The Bank holds an allowed secured claim in the amount of $214,565.54 which cannot be modified, and any cure must be paid within 60 months because the note matured pre-petition.  See 11 U.S.C. §§ 1322(b)(2),(3), 1322(c)(1),(2), and 1325(a)(5).  The required equal monthly payments would be in excess of $3,500.00 per month.  This the Debtor cannot do.  His net monthly household income is only $790.89 which, when added to the budgeted mortgage payment of $1,151.90 per month, is far short of the amount needed to make equal monthly periodic payments.  Debtor cannot present a feasible plan that includes periodic payments of the Bank's claim.  Accordingly, cause exists to modify the stay and co-debtor stay, the Debtor has no equity in the property and it is not necessary to Debtor's effective reorganization.  11 U.S.C. §§ 362(d), 1301(c).

IT IS HEREBY ORDERED that the Bank's Motion [Doc .45] is GRANTED, and confirmation of Debtor's Amended Plan is DENIED. Debtor shall have 14 days from the entry of this Memorandum Opinion and Order to file a confirmable plan which shall then be set for hearing by the Chapter 13 Trustee.

COPIES TO:

Debtor
John M. Simms, Esq.
Bradley S. Salyer, Esq.
Beverly M. Burden, Esq.

5

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Gregory R. Schaaf*
**Bankruptcy Judge
Dated: Tuesday, February 05, 2013
(tnw)**